UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREG SCHMITT,

Plaintiff,

v.

LYON COUNTY SHERIFF,

Defendant.

Case No. 3:17-cv-00117-MMD-WGC

**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's application to proceed in forma pauperis (IFP) (ECF No. 1), and pro se complaint (ECF No. 1-1).

## **I. IFP APPLICATION**

A person may be granted permission to proceed IFP if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

In addition, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1.

"'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960)). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.,* 335 U.S. 331, 339 (1948).

> When a prisoner seeks to proceed without prepaying the filing fee:
>
> [I]n addition to filing the affidavit filed [as described above], [the prisoner] shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

28 U.S.C. § 1915(a)(2). Notwithstanding the foregoing:

> (1) … [I]f a prisoner brings a civil action…[IFP], the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of --
> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint of notice of appeal.
> (2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1), (2).

Plaintiff, who was housed at the Washoe County Jail when he filed his IFP application, included a certified account statement indicating that his account balance was $ 0.01. (ECF No. 1 at 4.) He had no average monthly balance or an average of monthly deposits. (ECF No. 1 at 4.)

Plaintiff's application to proceed IFP should be granted. He should not be required to pay an initial partial filing fee as his filing indicates he only has $0.01 in his account. Hereinafter, however, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

///

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). "Prisoner" "means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B)(ii) or Section 1915A(b)(1) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738,

740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Lyon County Sheriff's Office and Judge Fletcher for unlawful imprisonment and detention in violation of his Fourth Amendment rights. (ECF No. 1-1.) Plaintiff alleges that he was transported to the Lyon County Jail by a Lyon County Sheriff's deputy from Washoe County and was booked on an eight-year-old misdemeanor warrant. (ECF No. 1-1 at 3.) He claims that he was given a suspended sentence of six months with forty-days credit for time served. (*Id*.) He was advised that the statute of limitations should not have allowed for that sentence. (*Id.* at 4.) He filed a motion for modification of his sentence with Judge Fletcher. (*Id.* at 4.) The sheriff's deputy told

him that his motion was denied. (*Id*.) On the thirty-fifth day of his sentence, he was brought before visiting Judge DeRiso and was immediately released and all fees, fines and restitution ordered were quashed because the conviction was past the legal time in terms of years that had passed. (*Id*. at 3, 4.) He avers that Judge DeRiso apologized on behalf of the court and jail, and said she hoped he could get on with his life. (*Id*.)

First, Judge Fletcher is entitled to absolute judicial immunity; therefore, Plaintiff may not proceed against the judge in this action. "Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). This immunity also extends to actions for declaratory, injunctive and other equitable relief. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996).

Plaintiff's allegations against the Lyon County Sheriff's Office are limited to the averment that the Lyon County Sheriff's Office transported him from the Washoe County Jail to the Lyon County Jail, and he they booked him on an eight-year-old misdemeanor warrant. (ECF No. 1-1 at 3, 4.)

With respect to the Lyon County Sheriff's Office, the Fourth Amendment protects "[t]he right of the people to be secure in their persons … against unreasonable … seizures." U.S. Const, amend. IV. Plaintiff alleges that the sheriff's office seized him when they transported him to the Lyon County Jail on an old warrant. In effect, he claims that seizure was unreasonable because it was based on a warrant for a crime that was barred by the applicable statute of limitations. The Fourth Amendment "establishes the minimum constitutional 'standards and procedures' not just for arrest but also for ensuing 'detention.'" *Manuel v. City of Joliet, III*, 137 S.Ct. 911, 917 (2017). (citation omitted). Taking the allegations as true, he states a colorable Fourth Amendment claim.

The problem, however, is that the Lyon County Sheriff's Office is not a proper defendant. Under Nevada law, "in the absence of statutory authorization, a department of the municipal government may not, in the department name, sue or be sued." *See Wayment v. Holmes*, 112 Nev. 232, 912 P.2d 816, 819 (Nev. 1996). Under Nevada Revised Statute § 41.031,

a county sheriff's department is not a "political subdivision of the State," which may sue or be sued. *See Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998). As District Judge Edward C. Reed stated in *Schneider*:

> Nevada defines a political subdivision as a 'community action agency' as defined in the now repealed 42 U.S.C. § 2790. NRS 41.0305, 42 U.S.C. § 2790, in turn, defined a community action agency as one with the power to enter into contracts, to receive and administer funds, and to delegate powers to other agencies…. A Nevada **county** falls within this definition, but not a sheriff's department.

*Schneider*, 17 F.Supp.2d at 1164.

As a result, the action should be dismissed as to the Lyon County Sheriff's Department; however, Plaintiff should be given leave to amend to attempt to assert a claim against the correct defendant, Lyon County.

That being said, Plaintiff should be advised that insofar as a county defendant is concerned, it "may not be held liable for a § 1983 violation under a theory of respondeat superior[1] for the actions of its subordinates." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (en banc), *cert. denied* 137 S.Ct. 831 (Jan. 23, 2017) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Instead, "a plaintiff must show that a 'policy or custom' led to plaintiff's injury." *Id*. (citing *Monell*, 436 U.S. at 694). The plaintiff must demonstrate that the policy or custom of a municipality reflected deliberate indifference to the constitutional rights of the plaintiff. *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 392 (1989)). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). Ratification of decisions of a subordinate by an official with final-decision making authority can also be a policy for purposes of municipal liability. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). Mere acquiescence in a single instance of alleged unconstitutional conduct is not sufficient to demonstrate ratification of a subordinate's acts. *See Gillette v. Delmore*, 979 F.2d 1342, 1346-47 (9th Cir. 1992).

---

[1] "Respondeat superior" is a legal doctrine that holds an employer or principal responsible for the wrongful acts of its employee or agent.

Even if there is no explicit policy, a plaintiff may establish municipal liability upon a showing that there is a permanent and well-settled practice by the municipality which gave rise to the alleged constitutional violation. *See Praprotnik*, 485 U.S. at 127. Again, allegations of random acts or single instances of misconduct are insufficient to establish municipal custom. *See Navarro v. Block*, 72 F.3d 712, 714-15 (9th Cir. 1996).

If Plaintiff seeks to file an amended complaint, he must allege facts demonstrating a basis for holding the county liable within the parameters discussed above.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order as follows:

(1) Plaintiff's application to proceed IFP (ECF No. 1) should be **GRANTED**. He should not be required to pay an initial partial filing fee as his filing indicates he only has $0.01 in his account. However, hereafter, whenever his prison account exceeds $10, he should be required to make monthly payments in the amount of twenty percent of the preceding month's income credited to his account until the filing fee is paid.

(2) The Complaint (ECF No. 1-1) should be **FILED**.

(3) Judge Fletcher should be **DISMISSED WITH PREJUDICE**.

(4) The Elko County Sheriff's Office should be **DISMISSED**, and Plaintiff should be given **LEAVE TO AMEND** to attempt to assert a claim against the correct defendant as discussed in this Report and Recommendation. To that end, if this Report and Recommendation is adopted, Plaintiff should be given thirty days from the date of such order to file an amended complaint. The amended complaint should be complete in and of itself without reference to any previous complaint and should omit the defendants for whom the court has recommended dismissal. Any allegations, parties or requests for relief from prior pleadings that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended pleading as "AMENDED COMPLAINT." If Plaintiff fails to file an amended complaint within the time period prescribed, Plaintiff should be warned that his action will be dismissed.

(5) Service should be addressed after the filing of the amended complaint.

Plaintiff should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 26, 2017.

*(signature)*
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE