UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

GREG SCHMITT,

                    Plaintiff,

    v.

LYON COUNTY, *et al.*,

                    Defendants.

Case No. 3:17-cv-00117-MMD-WGC

ORDER

**I.    SUMMARY**

Defendant Lyon County moves for summary judgment ("Motion") on Plaintiff Greg Schmitt's sole claim against it for alleged unlawful imprisonment and detention in violation of Plaintiff's Fourth Amendment rights. (ECF Nos. 1-1, 4, 19.) The Court will grant the Motion because Plaintiff cannot establish municipal liability.[1]

**II.    RELEVANT BACKGROUND**

Plaintiff originally brought this action only against the Lyon County Sheriff's Office and Judge Michael Fletcher of the Walker Justice Court. (ECF No. 1-1; ECF No 19 at 3.) In his original complaint, Plaintiff alleges that he was transported to Lyon County Jail by a Lyon County sheriff deputy and was booked on an eight-year-old misdemeanor warrant. (ECF No. 1-1 at 3–4.) Plaintiff claims he received a suspended sentence of six months with forty-days credit for time served but was later advised that the statute of limitations barred his sentence. (*Id.*) Plaintiff filed a motion for modification of his sentence with Judge

///

---

[1] Plaintiff did not file a response. However, the Court considers the allegations in the Amended Complaint as well as the relevant background recited below.

Fletcher. (*Id.* at 4.) Plaintiff alleges that an unidentified sheriff deputy with the Lyon County Sheriff's Office told him that his motion for modification had been denied. (*Id.*)

Plaintiff avers that on the thirty-fifth day of serving his sentence he was brought before Judge DeRiso. (*Id.*) He states that Judge DeRiso immediately released him, ordered all fees, fines, and restitution quashed, and apologized on behalf of the court and jail. (*Id.* at 3, 4.) Plaintiff provides that Judge DeRiso did so because the offense related to the warrant was barred by the statute of limitations and "the conviction was past legal limit." (*Id.* at 4.) Based on these allegations, Plaintiff filed suit under 42 U.S.C. § 1983 against the Lyon County Sheriff's Office and Judge Fletcher.

In a Report and Recommendation ("R&R") to this Court, Magistrate Judge Cobb concluded that the Lyon County Sheriff's Office is not a suable entity and that Judge Fletcher is entitled to dismissal based on absolute judicial immunity. (ECF No. 3 at 5–6.) Judge Cobb also granted Plaintiff leave to name Lyon County as a defendant. (*Id.* at 6.) This Court adopted the R&R in its entirety. (ECF No. 5.)

Plaintiff filed an amended complaint ("Amended Complaint"), asserting a single claim for unlawful imprisonment under the Fourth Amendment against Lyon County, and restating his allegations. (ECF No. 4 at 2–4.) He maintains that an unidentified Lyon County sheriff deputy informed him that his motion for modification had been denied. (*Id.* at 4.)

Lyon County brought the instant Motion, arguing that Plaintiff cannot establish municipal liability under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). (ECF No. 19.) Plaintiff was granted a requested extension to respond to the Motion *by July 27, 2018*. (ECF Nos. 21, 22.) To date Plaintiff has failed to file a response. Defendant filed a reply, requesting this Court consider its unopposed motion. (ECF No. 23.)

**III.    DISCUSSION**

    **A.    Legal Standard**

In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v.*

*Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). "The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Mindful of Plaintiff's *pro se* status, the Court will liberally construe his filings in this lawsuit. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

**B.  Analysis**

Under *Monell*, a plaintiff can only establish municipal liability by demonstrating that a county has a "deliberate policy, custom or practice that was the moving force behind the constitutional violation he suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667

(9th Cir. 2007) (internal quotation omitted) (citing *Monell*, 436 U.S. at 694–95); *see also Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("[W]e have required a plaintiff seeking to impose liability on a municipality under § 1983 to *identify* a municipal 'policy' or 'custom' that caused the plaintiff's injury.") (citations omitted) (emphasis added); *City of Canton v. Harris*, 489 U.S. 378, 385 (1989) (requiring a *Monell* plaintiff to show "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation").

Plaintiff has alleged no facts in the Amended Complaint, or produced any evidence, from which the Court may infer a violation of his constitutional rights pursuant to Lyon County policy or custom. Therefore, Plaintiff's sole claim against Lyon County fails as a matter of law. Accordingly, the Court grants Lyon County's unopposed motion for summary judgment (ECF No. 19).

**IV. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Lyon County's motion for summary judgment (ECF No. 19) is granted.

The Clerk of the Court is to enter judgment accordingly and close this case.

DATED THIS 18th day of December 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE